Steven Gilbert Rosales, Attorney, Law Offices of Lawrence Rohlfing, Santa Fe Springs, CA, for Plaintiff-Appellant

Hay-Mie Cho, Assistant Regional Counsel, Geralyn A. Gulseth, Esquire, Assistant Regional Counsel, Social Security Administration, Office of the General Counsel, San Francisco, CA, Thomas C. Stahl, Chief Counsel, Office of the US Attorney, San Diego, CA, for Defendant-Appellee

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Colleen Marie Kauwoh appeals the district court's decision affirming the Commissioner of Social Security's denial of her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Securi-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ty Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015), and we affirm.

At step five of the sequential analysis, the administrative law judge ("ALJ") did not err in relying on the testimony of a vocational expert. The ALJ's residual functional capacity finding included a limitation of a sit/stand option. Although the hypothetical question posed by the ALJ did not include this limitation, the vocational expert's testimony shows that she understood that Kauwoh had this limitation and she incorporated this limitation in identifying the jobs that Kauwoh could perform. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (holding that court will uphold ALJ's findings if their logic may reasonably be discerned); *cf. Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (holding that in order properly to rely on a vocational expert's testimony, the ALJ must present the expert with a hypothetical question that includes all of the limitations that the ALJ finds credible and supported by substantial evidence in the record).

**AFFIRMED.**

**In the MATTER OF: FIRST
REGIONAL BANCORP,
Debtor,**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Vikaran Ghei, Co-Liquidating Trustee; Michael Zaitzeff, Co-Liquidating Trustee, Appellants,

v.

Federal Deposit Insurance Corporation, as Receiver for First Regional Bank of California, Appellee.

No. 16-56336

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2017 *
Pasadena, California

Filed November 20, 2017

Jon L. Dalberg, Attorney, Roye Zur, Esquire, Attorney, Landau Gottfried & Berger LLP, Los Angeles, CA, for Appellants

John A. Moe, II, Esquire, Bankruptcy Counsel, Dentons US LLP, Los Angeles, CA, Michelle Ognibene, Counsel, FDIC—Federal Deposit Insurance Corporation, Legal Division/Appellate Unit, Arlington, VA, for Appellee

Before: KOZINSKI and IKUTA, Circuit Judges, and GETTLEMAN,** District Judge.

### MEMORANDUM ***

1. "Allowing [a] parent [corporation] to keep any refunds arising solely from a subsidiary's losses simply because the parent and subsidiary chose a procedural de-

vice to facilitate their income tax reporting unjustly enriches the parent." In re Bob Richards Chrysler-Plymouth Corp., 473 F.2d 262, 265 (9th Cir. 1973). The joint filings of the First Regional Bancorp and the First Regional Bank did not establish a tax sharing agreement—express or implied—between the two. Appellants have failed to plausibly allege any relationship between the Bancorp and the Bank that would diverge from the rule of Bob Richards.

2. A court need not grant leave to amend a complaint if amendment would be futile. Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008). The Bancorp's Affiliate Transactions Policy stipulated that the Bancorp would not benefit itself financially at the expense of the Bank, which decisively undercuts appellants' argument that the Bancorp and Bank had an implied-in-fact agreement to share tax responsibilities and refunds. No amendment could have cured that defect.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** The Honorable Robert W. Gettleman, United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.